## JAPHET STORER *versus* THOMAS HOBBS.

By R. S., c. 11, § 28, when a location for the erection of a school-house has been legally designated, and the owner thereof refuses to sell, the municipal officers may lay out a school-house lot and appraise the damages; and, on payment or *tender of such damages*, the district may take such lot, &c.

A district has no right to take land for a school-house lot when the owner thereof refuses to sell, except on *payment or tender* of the damages appraised.

A tender, made *after* an action of trespass is brought against the building committee, will be no justification for the defendant.

Where the plaintiffs, in the trial of an action of trespass *quare clausum*, introduce testimony tending to show joint possession in themselves, and the

defendant to the contrary, the presiding Judge cannot legally instruct the jury that the action is maintained, and direct them to find nominal damages. If he does give such instruction, a new trial will be granted.

ON REPORT, from *Nisi Prius*, APPLETON, C. J., presiding.

TRESPASS *quare clausum.*

Writ dated Dec 19, 1859.

To prove the plaintiff's title, a deed of warranty from George Hobbs to Japhet Storer, (one of the plaintiffs,) dated April 3, 1850, duly recorded, and a similar deed from Japhet Storer to John W. Storer, (the other plaintiff;) dated Nov. 6, 1858, and recorded after this action was commenced, viz.: Sept. 28, 1860. The last mentioned deed contains the following clause:—"reserving to myself the use, occupancy, income and control of one half of the above described premises during my natural life."

During the latter part of the year 1859, the school-house was erected.

The remaining facts sufficiently appear in the opinion of the Court.

After the ruling of the presiding Judge, the defendant was defaulted, and the case continued on report, with the entry, that, if the rulings of the presiding Judge were right, the default was to stand, otherwise a new trial to be granted.

*Tapley*, for the defendant.

*Hains*, for the plaintiffs.

The opinion of the Court was drawn by

APPLETON, C. J.—This is an action of trespass *quare clausum fregit.* The title is shown to be in the plaintiffs. The defendant, in his specifications of defence and brief statement, justifies his entry as having been "done by him in the faithful discharge of his duty as one of the inhabitants of School District No. 15, in Wells, and as one of the building committee chosen by said District."

The inhabitants of School District No. 15, in Wells, un-

dertook to erect a school-house upon the plaintiffs' land without their consent, under the provisions of R. S., 1857, c. 11, § 28. Assuming the owners of the land to have refused to sell or to have asked an unreasonable price for the lot in controversy, still the ◆district had no right to enter upon, or take the lot, except " on payment or tender of such damages" as the municipal officers of the town should appraise, in accordance with § 28. But the district, without such payment, proceeded to erect a school-house on the plaintiffs' land, in which the defendant, by his own admission, participated and in so doing became a trespasser.

The tender of the damages appraised by the selectmen, acting under the section before referred to, having been made *after* the school-house was erected and this suit commenced, can afford no justification. It should have been made *before* the lot was taken. No valid reason is disclosed why it was not done. The title of one of the plaintiffs was on record and, so far as thereby appeared, he was the owner of the whole estate. *Prima facie*, a tender to him would have sufficed. But none was seasonably made to any one.

The action of trespass is a possessory action. The case shows the title to have been in the plaintiffs. The law presumes the possession to have followed the title and to be in accordance therewith. But, from the report, it seems there was contradictory evidence as to the joint possession of the plaintiffs. The action is not maintained unless such possession is established. And, however improbable it may be that Japhet Storer would have disseised his grantee in a conveyance but a year before the trespass, and ousted him of his possession, yet, as the instructions given, or proposed to be given, were peremptory and excluded from the consideration of the jury the question of joint possession, a new trial must be granted.          *New trial granted.*

RICE, CUTTING, KENT, and WALTON, JJ., concurred.

DAVIS, J., concurred in the result and submitted his views as follows : —

I concur in the result. But I do not understand that the evidence shows the title to have been in *both* the plaintiffs. The counsel says the father had a *life lease* of an undivided half. But the report does not so state. If he had not, he does not appear to have had any interest ; and whatever possession he had was merely the possession of the son. A *joint* action cannot be maintained unless there was a common or joint *title*, or *interest*, so that the *injury was joint*. If the father lived with the son merely by permission, or license, having no right, whatever either might have done *separately*, for an injury to *himself*, they cannot maintain an action *jointly*.